UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Eastern District of Kentucky
F I L E D
AUG 16 2017
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

ALIMAMY BARRIE, )
)
  Petitioner, ) Civil No. 17-81-HRW
)
V. )
)
THOMAS SMITH, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
  Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Aaron Michael Barrie, Sr., has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] However, Barrie did not pay the five dollar filing fee required by 28 U.S.C. § 1914, and his petition is therefore subject to summary dismissal.

In a note to the Clerk of the Court, Barrie states that he sent five dollars to the Court in early May, which he claims was intended as prepayment for the filing fee for this action, which would not become due until he actually filed it three months later. [D.E. No. 1-10 at 1] Apart from the dubious nature of that assertion, Barrie owed that five dollars to pay the fee he owed from an earlier case he filed, and those funds have been applied to satisfy that obligation. *Barrie v. Snyder-Norris*, No. 0:16-CV-142-HRW (E.D. Ky. 2016) [D. E. No. 8 therein]. The Court will therefore require Barrie to pay the five dollar filing fee for this action.

1

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Barrie's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Barrie challenges the Bureau of Prisons' decision to apply a management variable to increase his security classification for conduct amounting to "serious phone abuse," an action he suggests is an abuse of agency discretion under the Administrative Procedures Act. [D. E. No. 1 at 6-7; No. 1-9]

Procedurally, this claim constitutes an ordinary challenge to the place of a prisoner's confinement, and hence cannot be pursued in a habeas corpus petition, but must be pursued under the civil rights statutes. *McCall v. Ebbert*, 384 F. App'x 55, 57-58 (3d Cir. 2010) (prisoner's challenge to security classification and resulting prison transfer may not be pursued under § 2241); *McCarthy v. Warden, USP Lewisburg*, 417 F. App'x 128, 129-30 (3d Cir. 2011) (same); *Simmons v.*

2

*Curtin*, No. 10-CV-14751, 2010 WL 5279914, at *2 (E.D. Mich. Dec. 17, 2010); *Taylor v. Ives*, No. 11-CV-256, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases); *McCrary v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *3-4 (E.D. Ky. 2009).

The substance of Barrie's claim fares no better. The BOP's decisions regarding where to house a particular inmate pursuant to 18 U.S.C. § 3621(b) are expressly insulated from judicial review under the APA. 18 U.S.C. § 3625. Nor would a purely constitutional challenge gain purchase. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (holding that inmate has no justifiable expectation of being incarcerated in a particular facility); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The Court must therefore deny the petition.

Accordingly, it is **ORDERED** as follows:

1. Petitioner must pay the five dollar filing fee within twenty-eight days. The Court will order its collection from his inmate account if he fails to do so.

2. The petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

3. This matter is **STRICKEN** from the docket of the Court.

4. The Court will enter an appropriate Judgment.

This the 16th day of August, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge